UNITED STATES DISTRICT COURT
EASTERN DISTRGICT OF WASHINGTON

| | |
|---|---|
| JOSE CARRANZA-GOMEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>JEFFREY UTTECHT, LT. JOHN DOE HANARATTY, C/O MARIA FERNANDEZ, C/O JOHN DOE CRUZ and J.L. FLUETT,<br><br>      Defendants. | No. 4:17-cv-05024-EFS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's "Objections to the Denial of an Attorney and Mootness Claims by this Court for 'Abuse of Discretion,'" which was construed by the Clerk of Court as a Motion for Reconsideration, ECF No. 18, and noted for hearing on September 22, 2017. It was considered without oral argument on the date signed below.

An order that resolves fewer than all the claims among the parties — that is, a non-final order — "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify it, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see Am. Canoe*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

*Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (9th Cir. 2003) (noting that motions for reconsideration of non-final orders are not subject to the strict standards applicable to motions for reconsideration of final judgment).

Plaintiff's request for reconsideration is denied. As Plaintiff acknowledges, there is no constitutional right to appointment of counsel in civil cases. *Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Plaintiff asserts he has a language barrier that hinders his ability to litigate and should constitute an "exceptional circumstance" warranting the appointment of counsel. He also claims to be developmentally disabled. Nevertheless, he has demonstrated a reasonable ability to submit documents to this Court expressing his claims.

The Court has provided Plaintiff with relevant legal standards and directed Plaintiff how to present a legally sufficient complaint in the Second Order to Amend or Voluntarily Dismiss, ECF No. 19. Accordingly, the record does not reflect exceptional circumstances that warrant the appointment of counsel. Therefore, Plaintiff's construed motion for reconsideration, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and provide a copy to Plaintiff.

**DATED** this  1st  day of November 2017.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge

Q:\EFS\Civil\2017\17-5024;Carranza-Gomez;Ord.Dny.Mtn.Recon.ps.lc02.docx

ORDER DENYING MOTION FOR RECONSIDERATION -- 2